UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT PETERSON, D.D.S; B.O.L.T., an unincorporated association of motorcycle riders and enthusiasts; JOHN DALKE, an individual; MARK TEMPLE, an individual,<br><br>        Plaintiffs,<br><br>   v.<br><br>JOSEPH A. FARROW, Commissioner California Highway Patrol; MICHAEL GOOLD, in his official capacity as Chief of Police of the City of Rancho Cordova; SCOTT R. JONES, in his official capacity as the Sheriff of County of Sacramento; ROBERT DIMICELI a.k.a. ROBERT DI MICELI, Officer of the California Highway Patrol; STEPHEN CARROZZO, Rancho Cordova police officer and Deputy Sheriff; KAMALA HARRIS, in her official capacity as California Attorney General,<br><br>        Defendants. | No. 2:15-cv-00801-JAM-KJN<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

        Plaintiffs, members of an organization of motorcycle enthusiasts, contend that California laws requiring motorcycle riders to wear helmets are being unconstitutionally enforced. Plaintiffs bring a 49-page complaint with many repetitive and irrelevant allegations that the Court now dismisses with leave to

amend.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiffs are members of "B.O.L.T.," which "stands for Bikers of Lesser Tolerance." FAC ¶ 5. They style themselves as "an unincorporated association of motorcycle riders and enthusiasts" and "a civil rights organization focusing on the unconstitutional enforcement of helmet laws and the constitutionality of helmet laws." FAC ¶¶ 5-6.

Plaintiffs' FAC outlines (among other things) their reasons for disliking helmets, their reasons for enjoying riding motorcycles, and the history of motorcycles in popular culture, complete with movie quotes, plot summaries, and pictures of scenes involving motorcycles. The complaint also explores other subjects, such as Plaintiffs' outrage at the government considering "constitutionalists" to be terrorists "alongside organizations like Al-Qaeda and the Aryan Brotherhood." FAC ¶ 239.

Eventually, Plaintiffs allege that many of B.O.L.T.'s members have been cited or arrested for violations of California's mandatory helmet laws in ways that are unconstitutional. See FAC ¶¶ 134-157. They also allege that one member's concealed carry license was taken away "without due process." FAC ¶¶ 273-74. Plaintiffs contend that these violations comprise a "clear policy of ticketing motorcyclists for non-complying helmets based on officers' discretion and

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 2, 2015.

1  without regard to the motorcyclists' knowledge of non-compliance
2  . . . ."  FAC ¶ 225.
3  Plaintiffs allege violations of their First, Second, Fourth and Fourteenth Amendment rights (Doc. #5). The following defendants now move to dismiss the First Amended Complaint ("FAC") on the basis of Federal Rules of Civil Procedure 8 and 12:[2] California Highway Patrol Officer R. Dimiceli in his individual capacity, California Highway Patrol Commissioner Joseph A. Farrow in his official capacity, and California Attorney General Kamala Harris in her official capacity (hereinafter referred to collectively as "State Defendants"); Scott R. Jones as the Sheriff of the County of Sacramento in his official capacity, Michael Goold in his official capacity as the Chief of Police of the City of Rancho Cordova, and Officer S. Carrozzo in his individual capacity (hereinafter referred to collectively as "Municipal Defendants"). Plaintiffs oppose the motions (Docs. ##20, 21).

## II.  LEGAL STANDARD

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

---

[2] Defendants have filed a total of four motions based on Rules 8 and 12 (Docs. ##9, 12, 13, 18). Because the Court dismisses the complaint pursuant to Rule 8, it does not reach the parties' arguments about Rule 12.

3

that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "For purposes of a motion to dismiss, we accept all well-pleaded allegations of material fact as true and construe them in the light most favorable to the nonmoving party." Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012). However, the court does "not accept legal conclusions in the complaint as true, even if cast in the form of factual allegations." Lacano Invs., LLC v. Balash, 765 F.3d 1068, 1071 (9th Cir. 2014) (internal quotation marks omitted).

### III. DISCUSSION

**A. Failure to Comply with Federal Rule of Civil Procedure 8**

State Defendants contend:

> Plaintiffs' [FAC] should be dismissed as to all [D]efendants because it fails to comply with the requirements of Rule 8 to set forth a short and plain statement and averments that are simple, concise and direct. Its forty-nine pages—containing 298 paragraphs, embellished with motorcycle movie factoids, dialogue, and pictures, historical accounts of motorcycle tales, statistics, and quotes by luminaries—fails to perform the essential functions of a complaint.

(Memo. of P & A in Supp. of State Defs.' Mot. to Dismiss ("State Mot.") 1:1-7, ECF No. 13-1.)

State Defendants argue that "[t]he FAC is teeming with repetitive and unnecessary allegations." (Id. at 3:27.) State Defendants further contend that Plaintiffs' "FAC . . . is patently at odds with the simplicity and brevity contemplated by the Federal Rules[;] [i]t is 'argumentative, prolix, replete with redundancy, and largely irrelevant.'" (Id. at 3:15-17.) Specifically, State Defendants argue that there are two sections

4

1  in Plaintiffs' FAC entitled "Statement of Specific Allegations"
2  which are "identical," (id. at 3:27-4:3) that "the 'Facts
3  Supporting Standing' and 'General History and Background Facts of
4  Helmet Laws' sections, which cover fourteen pages . . . are
5  nothing more than the type of 'narrative ramblings' and
6  'storytelling or political griping,' that run afoul of Rule 8,"
7  (id. at 4:4-6) and that "Plaintiffs have pursued their same
8  grievances against some of the same defendants" in a related
9  litigation which is "now proceeding on a forty-six-page Second
10 Amended Complaint that continues to present the same long-winded
11 tales of political dissent about enforcement of the motorcycle
12 helmet law," (id. at 4:15-26).
13        Moreover, State Defendants contend that that "this
14 Court's time is being unnecessarily consumed in attempting to
15 discern who is being sued for what in two separate actions, both
16 with prolix complaints, in order to try to manage and guide this
17 litigation." (Id. at 5:4-7.)
18        State Defendants, further argue that "the [FAC] omits
19 critical details," (id. at 5:10) that "it is impossible to tell
20 from the FAC which claims and factual allegations are made
21 against which defendants," (id. at 5:14-15.) that "it is
22 impossible to tell which plaintiff asserts [each] particular
23 claim," (id. at 5:20-21) and that "[t]his lack of clarity is
24 compounded by the fact that some causes of action appear to
25 include multiple, unrelated claims," (Id. at 5:25-26).
26        Municipal Defendants similarly move for dismissal under
27 Rule 8. (Defs.' Second Am. Mot. to Dismiss ("Municipal Mot.")
28 5:20, ECF No. 18.)

    Plaintiffs respond that they have complied with the requirements of Rule 8. Specifically, Plaintiffs counter that "[n]one of the claims previously dismissed in [the related case] are before this [C]ourt and therefore, there is no redundancy to the claims before the Court." (Pls.' Opp'n to State Defs. Mot. to Dismiss ("Opp'n") 8:7-8, ECF No. 20.) Further, Plaintiffs counter that because of the heightened pleading standard announced in Iqbal and Twombly "the Supreme Court . . . require[es] . . . greater factual detail for a preliminary merits assessment," (id. at 9:11-13) and "[c]onsidering the implications for a statewide injunction and nullification of state statutes, Plaintiffs erred on the side of providing factual details supporting the[ir] claims," (id. at 9:16-17).

    State Defendants reply that "in no way can Iqbal be read to require plaintiffs to load complaints with repetitive and irrelevant allegations, as Plaintiffs have done by including pages of movie quotations, historical anecdotes, photographs, and narrative ramblings." (Reply Br. of State Defs. ("State Reply") 2:16-19, ECF No. 29.)

    Rule 8(a)(2) dictates: "A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states: "Each allegation [of a pleading] must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

    Plaintiffs' FAC fails to make clear connections between specific allegations and individual Defendants. In failing to do so, Plaintiffs have failed to "provide defendants notice of what

6

1  legal claims are asserted against which defendants." McHenry, 84
2  F.3d at 1176. "The [C]omplaint . . . reads like a magazine story
3  instead of a traditional complaint[, whereas t]he Federal Rules
4  require that averments 'be simple, concise, and direct.'" Id. at
5  1176-1177. In contrast, Plaintiffs' FAC is unnecessarily lengthy,
6  off-topic, and difficult to comprehend. Therefore, Defendants'
7  motions to dismiss are granted. However, Defendants have not
8  shown that amendment would be futile, and therefore, Plaintiffs
9  are granted leave to amend. Plaintiffs should take heed that
10 their proposed Second Amended Complaint (SAC), (ECF No. 24), as
11 currently written, fails to rectify Plaintiffs' inability to meet
12 Rule 8's requirements.

13       Plaintiffs are granted twenty (20) days from the date
14 on which this order is filed to file an amended complaint
15 addressing the referenced deficiencies. Plaintiffs are warned
16 that this action may be dismissed with prejudice under Federal
17 Rule of Civil Procedure 41(b) if Plaintiffs fail to file an
18 amended complaint within the prescribed time period. Defendants
19 shall file their responsive pleadings to this second amended
20 complaint within twenty (20) days thereafter.
21       IT IS SO ORDERED.
22 Dated:   February 11, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7