UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT PETERSON, D.D.S.; B.O.L.T., an unincorporated association of motorcycle riders and enthusiasts; JOHN DALKE, an individual; MARK TEMPLE, an individual,<br><br>            Plaintiffs,<br><br>     v.<br><br>JOSEPH A. FARROW, Commissioner California Highway Patrol; MICHAEL GOOLD, in his official capacity as Chief of Police of the City of Rancho Cordova; SCOTT R. JONES, in his official capacity as the Sheriff of County of Sacramento; ROBERT DIMICELI a.k.a. ROBERT DI MICELI, Officer of the California Highway Patrol; STEPHEN CARROZZO, Rancho Cordova police officer and Deputy Sheriff; KAMALA HARRIS, in her official capacity as California Attorney General,<br><br>            Defendants. | No.  2:15-cv-00801-JAM-EFB<br><br><br>ORDER GRANTING DEFENDANT ATTORNEY GENERAL HARRIS' MOTION TO DISMISS |

Plaintiffs Brett Peterson, B.O.L.T. (short for, "Bikers of Lesser Tolerance"), John Dalke ("Dalke"), and Mark Temple ("Temple") sued the following Defendants—Sheriff of the County of

1

Sacramento Scott R. Jones in his official capacity, Chief of Police of the City of Rancho Cordova Michael Goold in his official capacity, and Rancho Cordova Police Officer Stephen Carrozzo in his individual capacity (collectively, "Municipal Defendants"); California Highway Patrol Officer Robert Dimiceli in his individual capacity, and California Highway Patrol Commissioner Joseph A. Farrow in his official capacity (collectively, "State Defendants"), and California Attorney General Kamala Harris in her official capacity ("Defendant Harris")—under 42 U.S.C. § 1983 for alleged violations of the First, Second, Fourth, and Fourteenth Amendments to the United States Constitution.

Defendant Harris moves to dismiss the two claims brought by Temple against her in Plaintiffs' Second Amended Complaint (SAC) (Doc. #44) under Federal Rules of Civil Procedure ("Rules") 8 and 12(b)(6), or in the alternative to sever these claims under Rules 20(a) and 21 (Doc. #55).  For the reasons stated below, the Court grants Defendant Harris motion to dismiss the claims brought against her.[1]

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

"Plaintiffs Peterson, Dalke, and Temple . . . are individuals with a class M1 motorcycle license who, at all times relevant herein, resided in the State of California."  SAC ¶ 10. "Plaintiff B.O.L.T. is an unincorporated association of

---

[1] These motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for May 17, 2016.

2

1 motorcycle riders and enthusiasts[,]" "focusing on the
2 unconstitutional enforcement [and constitutionality] of helmet
3 laws . . . ."  Id. ¶¶ 11, 13.
4     Plaintiffs allege that Defendants' policies governing the
5 issuance of helmet non-compliance citations are unconstitutional.
6     Plaintiffs also allege that because Temple received a
7 motorcycle helmet citation, Jones revoked Temple's concealed
8 carry weapons (CCW) permit.  Id. ¶ 191.  As a result, Temple
9 asserts "a constitutional challenge to the complex statutory
10 scheme set forth in Cal[ifornia] Penal Code [sections] 25450-
11 25475, 26150-26225, 26300-26325, 32000-32030 as honorably retired
12 California peace officers are granted mandatory rights,
13 privileges and immunities which are not bestowed to Temple."  Id.
14 ¶ 6.
15     On April 10, 2015, Plaintiffs brought this action against
16 Defendants (Doc. #1) and on July 1, 2015, Plaintiffs filed their
17 First Amended Complaint ("FAC," Doc. #5).  In response,
18 Defendants filed motions to dismiss (Doc. ##13, 18) and the Court
19 granted the motions under Rule 8, giving Plaintiffs leave to
20 amend (Doc. #42).  On March 3, 2016, Plaintiffs filed their SAC
21 (Doc. #44).  The SAC states nine causes of action brought under
22 42 U.S.C. § 1983, including two claims specifically brought by
23 Temple against Defendant Harris: the eighth cause of action for
24 injunctive and declaratory relief for Fourteenth Amendment Equal
25 Protection violations and the ninth cause of action for
26 injunctive and declaratory relief for Fourteenth Amendment
27 Privileges or Immunities clause violations.  The Court now
28 addresses the merits of Defendant Harris' motion to dismiss these

1  two claims (Doc. #55).

3                       II.   OPINION
4       A.   Failure to Comply with Rule 8
5       Defendant Harris contends that Plaintiffs' SAC should be
dismissed for failure to abide by Rule 8(d)(1)'s requirement that
"[e]ach allegation must be simple, concise, and direct."  Fed. R.
Civ. P. 8(d)(1).  The SAC sets forth which claims are being
brought against which defendants in accordance with Rule 8 and
while the eighth and ninth causes of action are, in part,
somewhat of a mash of claims, the Court finds that they minimally
satisfy the Rule 8 requirements.  Defendant Harris' motion to
dismiss these two claims under Rule 8 is therefore denied.

14      B.   Equal Protection Claims
15           1.   As Applied Challenge
16      Temple brings "as-applied" and "on-the-face challenge[s]" to
various California statutes regulating the sale and possession of
firearms.  SAC ¶ 221.  Defendant Harris contends that Temple has
not properly alleged as applied challenges.  Mot. 5:22-23.
"Temple alleges that the challenged Penal Code provisions include
exemptions 'for retired peace offers' and effectively 'create
[two] classes of citizens'—'honorably retired peace officers' and
'all others.'"  Id. at 6:4-6 (alteration in original) (quoting
SAC ¶¶ 215, 227, 229).  Temple "does not allege that any of the
laws are neutral, but applied in an unequal manner."  Id. at 6:8-
9.  Defendant Harris concludes, "the Court should treat his
claims against [her] simply as a facial challenge."  Id. at 6:9-
10.

4

1     "The Equal Protection Clause provides a basis for
2  challenging legislative classifications that treat one group of
3  persons as inferior or superior to others, and for contending
4  that general rules are being applied in an arbitrary or
5  discriminatory way." United States v. Pitts, 908 F.2d 458, 459
6  (9th Cir. 1990) (citing Jones v. Helms, 452 U.S. 412, 423-24
7  (1981)).  A facial challenge attacks a statute that "'on its
8  face' classif[ies] persons for different treatment," while an as-
9  applied challenge relates to a law that "may be 'applied' in a
10 manner that creates a classification, although it appears neutral
11 'on its face.'"  Id. (citing Rotunda, Nowak & Young, Treatise on
12 Constitutional Law:  Substance and Procedure § 18.4 (3d ed.
13 2000)).
14    Despite Temple's contention that they have brought an as
15 applied challenge, Temple's claims against Defendant Harris are
16 plead strictly as facial challenges to the statutory schemes and
17 the Court addresses Temple's claims accordingly.
18         2.   CCW Permitting Scheme
19    Defendant Harris contends that the SAC "does not dispute
20 that [the state has legitimate reasons for distinguishing between
21 honorably retired peace officers and others in the CCW permitting
22 scheme], nor does it alleges that the State has no other
23 legitimate reason to justify the law."  Mot. 7:28-8:1.  "Rather,
24 [the SAC] simply asserts that Temple 'is a master marksmen' [sic]
25 with extensive training ([SAC] ¶ 213) and that '[a]ctive and
26 retired peace officers are no better trained in the safe use of
27 firearms' than him (id. ¶ 214)."  Mot. 8:1-4.  Defendant Harris
28 asserts that "[t]hese allegations about Temple's personal skills

are simply irrelevant[,]" such allegations do not meet Temple's burden to show "'that there is not 'any reasonable conceivable state of facts that could provide a rational basis for the classification.'"  Id. at 8:4-9.

Temple contends that "[t]he right to keep and bear arms is a fundamental, individual right, requiring the application of strict scrutiny to the challenged statutes."  Opp'n 4:18-21 (citing District of Columbia v. Heller, 554 U.S. 570 (2008)).

The Ninth Circuit recently held that "there is no Second Amendment right for members of the general public to carry concealed firearms in public."  Peruta v. Cty. of San Diego, --- F.3d ----, 2016 WL 3194315, at *5 (9th Cir. 2016) (en banc). Plaintiffs urge this Court to decline to follow Peruta, arguing that the facts and issues are distinguishable, and that Peruta "ignores the facts, legal reasoning and historical analysis as set forth in" various Supreme Court cases.  Pls.' Supplemental Brief Re: Municipal Defs.' Mot. to Dismiss 2:2-13, ECF No. 69. The Court disagrees with Plaintiffs' argument that the facts and issues are meaningfully distinguishable, and this Court is obligated to follow binding Ninth Circuit precedent. Accordingly, Plaintiffs cannot base their Equal Protection claim on alleged impingement of their Second Amendment rights.  2016 WL 3194315, at *17.  Further, there is no constitutionally recognized suspect classification for people who are not "honorably retired peace officers."  Accordingly, the rational basis standard applies.

A statute challenged under the rational basis standard is "generally presumed to be valid and will be sustained if the

6

1   classification drawn by the statute is rationally related to
2   legitimate state interest." Fields v. Legacy Health Sys., 413
3   F.3d 943, 955 (9th Cir. 2005)(citations omitted).  "A legislative
4   classification subject to rational basis scrutiny 'must be wholly
5   irrational to violate equal protection.'" Id. (quoting De
6   Martinez v. Ashcroft, 374 F.3d 759, 764 (9th Cir. 2004)).  In
7   "applying rational basis review . . ., any hypothetical rationale
8   for the law [will] do." Witt v. Dep't of Air Force, 527 F.3d
9   806, 817 (9th Cir. 2008).  Additionally legislative action can
10  pass rational basis review "even when there is an imperfect fit
11  between means and ends." Heller v. Doe, 509 U.S. 312, 321
12  (1993).

13       Here, California has a legitimate reason for distinguishing
14  between honorably retired peace officers and others in the CCW
15  permitting scheme.  Specifically California's "important
16  interest[s] in reducing the number of concealed weapons in public
17  in order to reduce the risks to other members of the public who
18  use the streets" and "because of their disproportionate
19  involvement in life-threatening crimes of violence." Peruta v.
20  Cty. of San Diego, 758 F. Supp. 2d 1106, 1117 (S.D. Cal. 2010)
21  rev'd and remanded, 742 F.3d 1144 (9th Cir 2014), vacated by 781
22  F.3d 1106 (9th Cir. 2015) (granting en banc hearing).  It would
23  be reasonable for the legislature to conclude that the above
24  security concerns are implicated much less when experienced
25  former police officers carry concealed weapons and it would be
26  reasonable for the legislature to conclude that former police
27  officers face heightened personal security risks.  "It is
28  entirely irrelevant for constitutional purposes whether the

1  conceived reason[s] for the challenged distinction actually
2  motivated the legislature." See FCC v. Beach Commc'ns, Inc., 508
3  U.S. 307, 315 (1993). Accordingly, the CCW permitting scheme
4  passes rational basis review and because any further amendment
5  would be futile, Defendant Harris's motion as to Plaintiffs'
6  eighth claim regarding the CCW permitting scheme is granted with
7  prejudice. See Peruta, 2016 WL 3194315, at *17 (holding that the
8  Ninth Circuit's finding that the Second Amendment "does not
9  protect, in any degree, the carrying of concealed firearms by
10 members of the general public . . . necessarily resolves,
11 adversely to [p]laintiffs, their derivative claim[] of . . .
12 equal protection . . . .").

          3.  Unsafe Handgun Act Claim

14     Defendant Harris contends that Temple fails to state a valid
15 Equal Protection clause challenge to the Unsafe Handgun Act,
16 because the relevant provisions of California's Penal Code do not
17 "treat retired peace officer differently than 'all others' and
18 [do] not grant them special privileges to purchase of handguns
19 not on the approved-handgun roster." Mot. 8:21-9:1. "The only
20 exemption and differential treatment Temple alleges is for active
21 peace officers, see Cal. Penal Code § 32000(b)(4), an exemption
22 Temple does not object to." Id. at 9:1-3. Temple counters that
23 "[p]ossession of hanguns of one's own choosing is protected by
24 the Second Amendment." Opp'n 7:21.

25     Temple asserts the following relevant factual allegations in
26 the SAC: "Dealers may not sell any new handgun unless it is
27 listed in the state Department of Justice roster of handguns
28 certified for sale[,]" SAC ¶ 216; "[u]nder California's Unsafe

1  Handgun Act, all semi-automatic handguns that were not on the
2  state's approved handgun roster before 2010 are now barred from
3  the roster unless they are equipped with the technology, which
4  'microstamps' the weapon's make, model and serial number on the
5  cartridge when a bullet is discharged[,]" id. ¶ 223; and "peace
6  officers can purchase unlimited handguns of an unlimited variety
7  for sale in the United States, regardless as to the gun's quality
8  and safety, but Temple cannot buy a handgun which is newer and
9  safer than most duty weapons of the police," id. ¶ 226.

10      California's Unsafe Handgun Act, codified as California
11 Penal Code section 32000, includes an exemption allowing sales of
12 non-rostered handguns to certain peace officers "for use in the
13 discharge of their official duties."  Cal. Penal Code
14 § 32000(b)(4). While the SAC alleges that this exemption actually
15 confers rights to retired police officers because it is "the
16 common practice of retiring officers to stockpile handguns they
17 won't be able to purchase after retirement" id. ¶227, this
18 allegation is unsupported by the language of the statute.
19 Whether active peace officers may retire and keep their non-
20 rostered weapons is not an issue addressed by the law which
21 regulates only the *purchase* of handguns.  And nowhere in the
22 Penal Code are honorably retired peace officers allowed to
23 *purchase* non-rostered handguns.

24      Plaintiffs have therefore failed to state a valid equal
25 protection claim because the Penal Code does not in fact treat
26 retired police officers differently than all others and does not
27 grant them special privileges.  Defendant Harris' motion to
28 dismiss Temple's challenge to California's Unsafe Handgun Act is

9

granted with prejudice since further amendment would be futile.

          4.    <u>Ten-Day Waiting Period and Large-Capacity Magazine Claims</u>

Defendant Harris next contends that "the SAC does not include a single factual allegation about the law [requiring a ten-day waiting period for handgun purchases in California, <u>see</u> Cal. Penal Code §§ 26950, 27650,] and its requirements." Mot. 9:28-10:1. "There is no assertion that this waiting period applied to Temple but not to other gun purchasers, or that describes how it operates or violates equal protection." <u>Id.</u> at 10:1-2. "Similarly, the SAC implies without stating that [California] law prohibiting the sale of large-capacity magazines has an exemption for active peace officers (<u>see</u> SAC ¶¶ 215, 224), but includes no factual allegations about this law either." <u>Id.</u> at 10:6-8. "Again there is no assertion that the large-capacity magazine prohibition applies to Temple but not to other ammunition purchasers, and no factual allegations that describe how it operates or violates equal protection." <u>Id.</u> at 10:8-10.

    A careful examination of the SAC reveals that relevant Penal Code provisions governing the mandated ten-day waiting period and large-capacity magazines are simply included in string citations, in the captions of the eighth and ninth causes of action, and in two general allegations listing the laws challenged by Temple. <u>See</u> SAC ¶¶ 215, 221. As noted by Defendant Harris, the SAC is devoid of any factually specific allegations challenging the ten-day waiting period or limitations on large-capacity magazines under the Equal Protection clause.

    Temple's opposition to these arguments fails to specifically

10

address these shortcomings nor does it present any legal authority upon which this Court can rely to allow the claims regarding California's ten day waiting period and large capacity magazine prohibition to go forward.  The Court finds that any further amendment would be futile and dismisses these claims with prejudice.

### C. Privileges and Immunities Claims

#### 1. Claim Under Article IV

Defendant Harris moves to dismiss the ninth cause of action on the grounds that "[t]here are absolutely no allegations in the SAC to support Plaintiffs' Privileges and Immunities Clause claim[; t]his is because the challenged provisions of the Penal Code do not distinguish between residents and non-residents of the State but rather between peace officers or honorably retired peace officers and all others." Mot. 11:8-11.  "In addition, Temple does not have standing to bring the claim, as he alleges California residency." Id. at 11:11 n.4 (citing SAC ¶ 10).

The Privileges and Immunities Clause of Article IV prohibits states from discriminating against out-of-state residents when it comes to certain "fundamental" rights. McBurney v. Young, 133 S. Ct. 1709, 1714 (2013).  The clause's protections do not apply to laws that do not discriminate against non-residents. Id. at 1716.

Because Temple alleges California residency he does not have standing to bring this claim. See, e.g., Council of Ins. Agents & Brokers v. Molasky-Arman, 522 F.3d 925, 930-32 (9th Cir. 2008) (holding plaintiff had standing as a nonresident to assert challenge under the Privileges and Immunities clause).  Further, Temple's allegations fail to allege any discrimination against

11

1  non-California residents.  Accordingly, Defendant Harris' motion
2  as to this claim is granted with prejudice as the Court once
3  again finds that any further amendment would be futile.

          2.    <u>Claim Under the Privileges or Immunities Clause of the Fourteenth Amendment</u>

6      Defendant Harris contends that Temple's challenge to various
7  firearms provisions in California's Penal Code does not implicate
8  any of the limited rights the Privileges or Immunities clause has
9  been held to protect, and Temple has failed to allege otherwise.
10 Temple counters that the Fourteenth Amendment Privileges or
11 Immunities Clause guarantees the right to possess a firearm for
12 purposes of travel.  Opp'n 10:16-17.
13     The Supreme Court has narrowly applied the Privileges or
14 Immunities Clause of the Fourteenth Amendment to "protect[] only
15 those rights 'which owe their existence to the Federal
16 government, its National character, its Constitution, or its
17 laws.'"  <u>McDonald v. City of Chicago, Ill.</u>, 561 U.S. 742, 754
18 (2010) (quoting <u>Slaughter-House Cases</u>, 16 Wall. 36, 79 (1873)).
19 The clause protects "very few rights," namely "the right to
20 petition Congress, the right to vote in federal elections, the
21 right to interstate travel or commerce, the right to enter
22 federal lands, or the rights of a citizen while in the custody of
23 federal officers."  2 John E. Nowak, et al., <u>Treatise on Const.</u>
24 <u>L.</u> §14.3(b) (2d ed. 1987) (citing <u>Slaughter-House Cases</u>, 16 Wall.
25 at 79-81).  The Supreme Court has consistently held that the
26 Privileges or Immunities Clause does not protect a right to bear
27 arms, and has declined to overrule this holding.  <u>McDonald</u>, 561
28 U.S. at 758.  Temple fails to allege any facts in the SAC which

demonstrate how the challenged statutes have any effect on his right to travel. Accordingly, Temple has failed to allege a plausible claim under the Privileges or Immunities clause of the Fourteenth Amendment and Defendant Harris' motion on this claim is granted with prejudice as the Court finds that further amendment would be futile.

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendant Harris' motion to dismiss under Rule 8, but GRANTS WITH PREJUDICE Defendant Harris' motion to dismiss Plaintiffs' Equal Protection and Privileges and Immunities challenges asserted by Plaintiff Temple in the eighth and ninth causes of action of Plaintiffs' Second Amended Complaint.  There being no other claims brought by Plaintiffs against Defendant Harris, she is dismissed as a defendant in this action.

IT IS SO ORDERED.

Dated: June 24, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE