UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT PETERSON, D.D.S.; B.O.L.T., an unincorporated association of motorcycle riders and enthusiasts; JOHN DALKE, an individual; MARK TEMPLE, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JOSEPH A. FARROW, Commissioner California Highway Patrol; MICHAEL GOOLD, in his official capacity as Chief of Police of the City of Rancho Cordova; SCOTT R. JONES, in his official capacity as the Sheriff of County of Sacramento; ROBERT DIMICELI a.k.a. ROBERT DI MICELI, Officer of the California Highway Patrol; STEPHEN CARROZZO, Rancho Cordova police officer and Deputy Sheriff; KAMALA HARRIS, in her official capacity as California Attorney General,<br><br>　　　　　Defendants. | No.  2:15-cv-00801-JAM-EFB<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS MICHAEL GOOLD, SCOTT R. JONES, AND STEPHEN CARROZZO'S MOTION TO DISMISS AND/OR STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT |

　　　Plaintiffs Brett Peterson, B.O.L.T. (short for, "Bikers of Lesser Tolerance"), John Dalke, and Mark Temple sued the

1

following Defendants—Sheriff of the County of Sacramento Scott R. Jones in his official capacity, Chief of Police of the City of Rancho Cordova Michael Goold in his official capacity, and Rancho Cordova Police Officer Stephen Carrozzo in his individual capacity (collectively, "Municipal Defendants"); California Highway Patrol Officer Robert Dimiceli in his individual capacity, and California Highway Patrol Commissioner Joseph A. Farrow in his official capacity (collectively, "State Defendants"); and California Attorney General Kamala Harris in her official capacity—under 42 U.S.C. § 1983 for alleged violations of the First, Second, Fourth, and Fourteenth Amendments to the United States Constitution.

Municipal Defendants move to dismiss and/or strike claims in Plaintiffs' Second Amended Complaint (SAC) (Doc. #44) under Federal Rules of Civil Procedure ("Rules") 12(b)(6), 12(f), and 21, (Doc. #50). For the reasons stated below, Municipal Defendants' motion is GRANTED in part and DENIED in part.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

"Plaintiffs Peterson, Dalke, and Temple . . . are individuals with a class M1 motorcycle license who, at all times relevant herein, resided in the State of California." SAC ¶ 10. "Plaintiff B.O.L.T. is an unincorporated association of motorcycle riders and enthusiasts[,]" "focusing on the unconstitutional enforcement [and constitutionality] of helmet

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 17, 2016.

laws . . . ."  Id. ¶¶ 11, 13.

Plaintiffs allege that "Defendants have an unwritten policy, custom[,] and practice of allowing officers to stop motorcyclists and issue citations for substandard helmets based on visual criteria, and the officer's subjective opinion of whether the helmet would, if tested, conform to federal safety standards[,]" id. ¶ 44, "regardless of whether the officer has tangible and documentary evidence to believe that (i.) there has been a determination of non-compliance with [Federal Motor Vehicle Safety Standard (FMVSS)] 218[, 49 C.F.R. § 571.218 (2011), the federal standard establishing minimum performance requirements for motorcycle helmets], or (ii.) that the motorcyclist has knowledge that the helmet has been determined not to comply with FMVSS 218[,]" id. ¶ 46.  Plaintiffs allege they "have been cited for wearing helmets that [D]efendants' officers considered to be in violation of the helmet law," as a result of this unwritten policy, custom, and practice.  Id. ¶ 47.

Plaintiffs also allege that because Temple received a motorcycle helmet citation, Jones revoked Temple's concealed carry weapons (CCW) permit.  Id. ¶ 191.  As a result, Plaintiffs assert "a constitutional challenge to the complex statutory scheme set forth in Cal[ifornia] Penal Code [sections] 25450-25475, 26150-26225, 26300-26325, 32000-32030 as honorably retired California peace officers are granted mandatory rights, privileges and immunities which are not bestowed to Temple."  Id. ¶ 6.

On April 10, 2015, Plaintiffs brought this action against Defendants (Doc. #1) and on July 1, 2015, Plaintiffs filed their

3

1  First Amended Complaint ("FAC," Doc. #5).  In response,
2  Defendants filed motions to dismiss (Doc. ##13, 18) and the Court
3  granted the motions under Rule 8, giving Plaintiffs leave to
4  amend (Doc. #42).  On March 3, 2016, Plaintiffs filed their SAC
5  (Doc. #44).  The SAC states nine causes of action brought under
6  42 U.S.C. § 1983 including the following specific claims against
7  one or more of the Municipal Defendants: the second claim for
8  damages against Carrozzo for Fourth Amendment violations; the
9  third claim for damages against Carrozzo for First Amendment
10 violations; the fourth claim for damages against Municipal
11 Defendants Goold and Jones in their official capacities for
12 First, Fourth, and Fourteenth Amendment violations; the fifth
13 claim for damages and injunctive relief by Temple against Jones
14 in his official capacity for Second Amendment violations; the
15 sixth claim for damages and injunctive relief by Temple against
16 Jones in his official capacity for Fourteenth Amendment Due
17 Process violations; and the seventh claim for damages and
18 injunctive relief by Temple against Jones in his official
19 capacity for Fourteenth Amendment Equal Protection violations.
20 The Court now addresses the merits of Municipal Defendants'
21 motion to dismiss or strike all of the above causes of action
22 except the second claim for relief against Carrozzo (Doc. #50).
23
24                         II.   OPINION
25     A.   Judicial Notice
26     Municipal Defendants request that the Court take judicial
27 notice (Doc. #50-2) of the following documents:  Exhibit 1-the
28 complaint in related case, B.O.L.T. et al. v. City of Rancho

1  Cordova, et al., E.D. Case No. 2:14-cv-01588 (the "related
2  case"); Exhibit 2-the operative pleading in the related case; and
3  Exhibit 3-the Court's Order Granting in Part and Denying in Part
4  an earlier dismissal motion in the related case.  Plaintiffs do
5  not oppose Municipal Defendants' request.  Because these
6  documents are a part of the public record the Court may consider
7  these documents, and Municipal Defendants' request for judicial
8  notice is GRANTED.  See U.S. ex rel. Robinson Rancheria Citizens
9  Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992)
10 (citation and internal quotation marks omitted) (explaining
11 district courts "may take notice of [other] proceedings[,] . . .
12 both within and without the federal judicial system, if those
13 proceedings have a direct relation to matters at issue"); Peviani
14 v. Hostess Brands, Inc., 750 F. Supp. 2d 1111, 1117 (C.D. Cal.
15 2010) (taking judicial notice of two district court decisions).
16     B.   Analysis
17          1.   Motion to Strike Under Rule 12(f)
18      Rule 12(f) provides that "[t]he court may strike from a
19 pleading an insufficient defense or any redundant, immaterial,
20 impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).
21 "'[T]he function of a 12(f) motion to strike is to avoid the
22 expenditure of time and money that must arise from litigating
23 spurious issues by dispensing with those issues prior to
24 trial . . . .'"  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527
25 (9th Cir. 1993) (alterations in original) (quoting Sidney-
26 Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983)),
27 rev'd on other grounds, 510 U.S. 517 (1994).
28 ///

5

1  Municipal Defendants contend:

2  Several of the Plaintiffs in the instant case have
   already made claims against the same Defendants in the
3  [the related case] requesting injunctive and
   declaratory relief for violations of their Fourth
4  Amendment rights.  Specifically, the Monell claim in
   [the related case] (¶[¶] 146-168, SAC, Docket Entry
5  No. 31 in Case No. 14-1588) is essentially the same as
   the fourth claim in this case (¶[¶] 164-184, SAC)
6  asserting Monell-type liability for the same
   allegations.  In other words, the claims by these
7  Plaintiffs in the instant action requesting injunctive
   relief for violations of their Fourth Amendment rights
8  based on allegations that they were improperly stopped
   pursuant to an unconstitutional policy, should be
9  stricken because those claims are redundant to those
   raised in [the related case].  On that basis,
10 Defendants respectfully request those claims,
   specifically the fourth claim for relief[], be
11 stricken from the instant SAC.

12 Municipal Defs.' Mot. to Dismiss ("Mot.") 3:15-25, ECF No. 50.

13 Municipal Defendants also contend that Plaintiffs' class

14 allegations should be stricken as identical to the class

15 allegations in the related case.  Id. at 4:3-13.

16      Plaintiffs counter that the allegations in their fourth

17 claim should not be stricken because they now seek monetary

18 damages in addition to injunctive relief, and allegations in this

19 action include new Fourth Amendment violations in the form of

20 targeted enforcement actions and failed investigations.  Opp'n to

21 Mot. ("Opp'n") 2:12-19, ECF No. 60.  Plaintiffs also contend that

22 the class allegations should not be stricken because the class

23 claims seek both monetary damages and injunctive relief whereas

24 the plaintiffs in the related case seek only injunctive relief.

25      While some of Plaintiffs' class allegations duplicate the

26 class allegations in the related case, Plaintiffs seek different

27 relief and have added allegations concerning encounters with

28 defendant officers which occurred after filing their complaint in

1  the related case.  Plaintiffs' municipal liability allegations in
2  their fourth claim also differ from the allegations set forth in
3  the related case both in timeline and the type of relief
4  requested.  Due to these key differences, Municipal Defendants'
5  Motion to Strike Plaintiffs' municipal liability claim and class
6  claims is DENIED.

        2.    <u>Fourth Amendment Violations</u>

As noted above, Municipal Defendants have not challenged Plaintiffs' second claim for relief which alleges that Carrozzo violated Plaintiffs' Fourth Amendment right to be free from unlawful seizure; the second claim for relief remains.

        3.    <u>First Amendment Retaliation</u>

Municipal Defendants contend that Dalke and Temple's third claim for relief—alleging Carrozzo committed First Amendment violations by retaliating against Plaintiffs for engaging in protected First Amendment activity—should be dismissed for failure to state a claim upon which relief can be granted.

In order to state a First Amendment retaliation claim under § 1983, Plaintiffs "must establish that (1) [they] engaged in [First Amendment activity]; (2) the government officials took an adverse action against [them]; and (3) [their protected conduct] was a substantial or motivating factor for the adverse action." <u>Alpha Energy Savers, Inc. v. Hansen</u>, 381 F.3d 917, 923 (9th Cir. 2004) (citing <u>Roe v. City of San Diego</u>, 356 F.3d 1108, 1112 (9th Cir. 2004)).  The above test has traditionally been applied in the context of public employment, but a similar analysis is appropriate in situations such as here where the parties do not share an employment relationship.  See <u>Sloman v. Tadlock</u>, 21 F.3d

1462, 1469 (9th Cir. 1994); see also Mendocino Envtl. Ctr. v. Mendocino Cty., 14 F.3d 457, 459-60 (9th Cir. 1994); Cain v. Tigard-Tualatin School Dist. 23J, 262 F. Supp. 2d 1120, 1125 n.1 (D. Or. 2003) (applying test found in context of public employment to non-employment First Amendment retaliation claim).

As a preliminary matter, Plaintiffs allege that Dimiceli and Carrozzo "have been in communication with each other, sharing filed notes and research on members of B.O.L.T., or purported members." SAC ¶ 160. Further, "Dimiceli and Carrozzo have conspired to violate Plaintiffs' First Amendment associational rights by using the helmet law as a vehicle to punish [P]laintiffs . . . ." Id. ¶ 161. The above allegations are conclusory and not accepted as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (A court is not required to accept as true a "legal conclusion couched as a factual allegation.") The Court thus considers the plausibility of Dalke and Temple's First Amendment claims against Carrozzo separately.

### a.   Dalke's Claim Against Carrozzo

Municipal Defendants argue that Dalke's "submission of a citizen's complaint for which no action was taken in 2011 . . . appears wholly disconnected to a citation in 2014." Mot. 5:3-5. "[Municipal] Defendant[s] also submit the prior suit by Plaintiff Dalke in [the related case] against [Defendant] Carrozzo cannot serve as the basis for retaliation, as that suit had no merit because it was barred by the statute of limitations." Id. at 5:6-8.

///

In response, Plaintiffs argue:

> The SAC clearly layouts[sic] the intent of two peace officers to selectively target the three plaintiffs, and to disregard clearly established law regarding the enforcement of the state helmet law. Deliberate retaliation against an individual for filing a civil rights complaint and making internal affairs complaints is a factual issue of intent which cannot be resolved on a Rule 12(b)(6) motion.

Opp'n 6:1-6.

Plaintiffs have plausibly alleged that Dalke engaged in protected speech and association. "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." Bill Johnson's Rests., Inc. v. N.L.R.B., 461 U.S. 731, 741 (1983) (citing Cal. Motor Transp. Co. v. Trucking Unltd., 404 U.S. 508, 510 (1972)). "The First Amendment also protects the right to freedom of expressive association." Plevin v. City & Cty. of S.F., No. C-11-02359 MEJ, 2012 WL 6025765, at *5 (N.D. Cal. Dec. 4, 2012) (citing Villegas v. City of Gilroy, 484 F.3d 1136, 1141 (9th Cir. 2007)). Plaintiffs point to their allegations regarding the filing of the related case, multiple Internal Affairs Complaints, and membership in B.O.L.T. and argue that each of these activities warrants First Amendment Protection.

However, Plaintiffs have failed to plausibly allege that any of the above First Amendment activity was the substantial or motivating factor behind Carrozzo's conduct. Such alleged facts are required to state a claim for First Amendment retaliation. Dalke's submission of a citizen's complaint in 2011 is too attenuated from a citation issued in 2014 to demonstrate causation without further specific supporting allegations. Also,

9

the prior suit by Dalke, which was legally barred, has a causal disconnect to any further speech and could not have chilled such speech, as evidenced by the suit alone. In their opposition, Plaintiffs fail to substantively address these causal disconnections, both temporally or legally. Nor do Plaintiffs request further leave to amend. The Court finds that any further amendment would be futile. Dalke's claim for First Amendment retaliation against Carrozzo is therefore dismissed with prejudice.

### b. Temple's Claim Against Carrozzo

Municipal Defendants contend that Temple's retaliation claim based on the filing of the related action fails for the same reasons as Dalke's claim, and "Temple does not allege any rights were chilled." Mot. 5:14-17.

As with Dalke's claim, Temple's conclusory allegation that Temple was arrested based on the filing of the related lawsuit alone is not sufficient to support a claim for First Amendment retaliation. The Court finds that any further amendment of Temple's claim would also be futile. Accordingly Temple's claim for First Amendment retaliation against Carrozzo is dismissed with prejudice.

### 4. Municipal Liability Claim

Municipal Defendants do not challenge the sufficiency of Plaintiffs' allegations contained within Plaintiffs' fourth cause of action—a municipal liability claim—but instead bring the Rule 12(f) challenge denied above. Accordingly, the fourth cause of action remains.

         5.    <u>Claims Based on Revocation of Temple's CCW Permit</u>

              a.    <u>Second Amendment Violation</u>

Municipal Defendants contend that "the claim for a violation of Temple's Second Amendment rights [Plaintiffs' fifth claim for relief] should be dismissed because there is no constitutionally recognized right that a person may carry a concealed weapon without limitation." Mot. 5:24-26.

The Ninth Circuit recently held that "there is no Second Amendment right for members of the general public to carry concealed firearms in public." <u>Peruta v. Cty. of San Diego</u>, --- F.3d ----, 2016 WL 3194315, at *5 (9th Cir. 2016) (en banc).

Plaintiffs argue that the Court should decline to follow <u>Peruta</u>, arguing that the facts and issues are distinguishable, and that <u>Peruta</u> "ignores the facts, legal reasoning and historical analysis as set forth in" various Supreme Court cases. Pls.' Supplemental Brief Re: Municipal Defs.' Mot. to Dismiss 2:2-13, ECF No. 69. The Court disagrees and will follow this binding Ninth Circuit precedent.

Since Temple does not have a constitutional right to carry a concealed weapon, Temple cannot state a claim for relief against Jones for violation of his Second Amendment rights and Municipal Defendants' motion to dismiss Plaintiffs' fifth claim for relief is granted with prejudice.

              b.    <u>Fourteenth Amendment Due Process Violation</u>

Municipal Defendants next seek dismissal of Plaintiffs' sixth claim for relief against Defendant Jones which alleges violations of Temple's Fourteenth Amendment Due Process rights. Municipal Defendants contend that "the limited nature of a

1  license to carry a concealed firearm which has been issued under
2  California Penal Code [section] 12050 prevents characterizing it
3  as a property right for purposes of constitutional due process or
4  a liberty interest." Mot. 7:2-6 (citing Erdelyi v. O'Brien, 680
5  F.2d 61 (9th Cir. 1982)). Municipal Defendants argue "Temple
6  does not have a property or liberty interest in his CCW permit,
7  and on that basis, any claim for a violation of his Fourteenth
8  Amendment procedural due process rights should be dismissed."
9  Id. at 7:6-8.
10     To sustain a procedural due process claim a plaintiff must
11 show a constitutionally protected property or liberty interest.
12 Wedges/Ledges of Cal., Inc. v. City of Phx., Ariz., 24 F.3d 56,
13 62 (9th Cir. 1994). "Property interests protected by the Due
14 Process Clause of the Fourteenth Amendment do not arise whenever
15 a person has only 'an abstract need or desire for,' or
16 'unilateral expectation of,' a benefit." Erdelyi, 680 F.2d at 63
17 (quoting Bd. of Regents of State Colls. v. Roth, 408 U.S. 564,
18 577 (1972)).
19     In Erdelyi, the Ninth Circuit held that the plaintiff did
20 not "have a property or liberty interest in a concealed weapons
21 license." 680 F.2d at 64. The Ninth Circuit explained that
22 concealed weapons are closely regulated by the State of
23 California, and such regulations "explicitly grant[] discretion
24 to the issuing officer to issue or not issue a license to
25 applicants meeting the minimum statutory requirements." Id. at
26 63 (citing Cal. Penal Code §§ 12000-12094, 12050). The Ninth
27 Circuit further explained that "[w]here state law gives the
28 issuing authority broad discretion to grant or deny license

applications in a closely regulated field . . . applicants do not have a property right in such licenses protected by the Fourteenth Amendment." Id. (citing Jacobson v. Hannifin, 627 F.2d 177, 180 (9th Cir. 1980)).

Further, in Peruta, the Ninth Circuit held that because of its finding that plaintiffs possessed no Second Amendment right to concealed carry weapons permits the plaintiffs in that case necessarily failed on their due process claims. 2016 WL 3194315, at *17.

Based on these binding precedents, Municipal Defendants' motion to dismiss Plaintiffs' sixth claim for procedural due process violations is granted with prejudice.

     c. Fourteenth Amendment Equal Protection Claim

While Municipal Defendants do not specifically include a separate section in their motion to dismiss concerning Plaintiffs' seventh claim, in which Temple alleges violations of the Equal Protection clause of the Fourteenth Amendment by Jones, they do contend that all of the CCW permit claims should be dismissed because there is no right to concealed carry under the Second Amendment. Mot. 6:9-12.

The Equal Protection Clause of the Fourteenth Amendment guarantees that the government treat similar individuals in a similar manner. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). "When social or economic legislation is at issue, the Equal Protection Clause allows the states wide latitude." Id. at 440. By contrast, "when a statute classifies by race, alienage, or national origin ... [the statute is] subject to strict scrutiny and will be sustained only if [it is]

13

1  suitably tailored to serve a compelling state interest." Id.
2  "Similar oversight by the courts is due when state laws impinge
3  on personal rights protected by the Constitution." Id.
4      Due to the Ninth Circuit's holding in Peruta, Temple cannot
5  base his Equal Protection claim on any alleged impingement of his
6  Second Amendment rights.  2016 WL 3194315, at *17.  Further,
7  there is no constitutionally recognized suspect classification
8  for people who are not "honorably retired peace officers."
9  Accordingly the rational basis standard applies.
10     A statute challenged under the rational basis standard is
11 "generally presumed to be valid and will be sustained if the
12 classification drawn by the statute is rationally related to
13 legitimate state interest." Fields v. Legacy Health Sys., 413
14 F.3d 943, 955 (9th Cir. 2005) (citations omitted).  "A
15 legislative classification subject to rational basis scrutiny
16 'must be wholly irrational to violate equal protection.'" Id.
17 (quoting De Martinez v. Ashcroft, 374 F.3d 759, 764 (9th Cir.
18 2004)).  In "applying rational basis review . . ., any
19 hypothetical rationale for the law [will] do." Witt v. Dep't of
20 Air Force, 527 F.3d 806, 817 (9th Cir. 2008).  Additionally
21 legislative action can pass rational basis review "even when
22 there is an imperfect fit between means and ends." Heller v.
23 Doe, 509 U.S. 312, 321 (1993).
24     Here California has a legitimate reason for distinguishing
25 between honorably retired peace officers and others in the CCW
26 permitting scheme.  Specifically California's "important
27 interest[s] in reducing the number of concealed weapons in public
28 in order to reduce the risks to other members of the public who

use the streets" and "because of their disproportionate involvement in life-threatening crimes of violence." Peruta v. Cty. of San Diego, 758 F. Supp. 2d 1106, 1117 (S.D. Cal. 2010) rev'd and remanded, 742 F.3d 1144 (9th Cir 2014), vacated by 781 F.3d 1106 (9th Cir. 2015) (granting en banc hearing).  It would be reasonable for the legislature to conclude that the above security concerns are implicated much less when experienced former police officers carry concealed weapons and it would also be reasonable for the legislature to conclude that former police officers face heightened personal security risks.  "It is entirely irrelevant for constitutional purposes whether the conceived reason[s] for the challenged distinction actually motivated the legislature." See FCC v. Beach Commc'ns, Inc., 508 U.S. 307, 315 (1993).  Accordingly, the CCW permitting scheme passes rational basis review and Municipal Defendants' motion to dismiss as to Plaintiffs' seventh claim is granted with prejudice. See Peruta, 2016 WL 3194315, at *17 (holding that the Ninth Circuit's holding that the Second Amendment "does not protect, in any degree, the carrying of concealed firearms by members of the general public . . . necessarily resolves, adversely to Plaintiffs, their derivative claim[] of . . . equal protection . . . .").

### III.   ORDER

For the reasons set forth above, the Court DENIES Municipal Defendants' Motion to Strike; and the Court GRANTS WITH PREJUDICE Municipal Defendants' Motion to Dismiss Plaintiffs' third, fifth, sixth, and seventh causes of action. Municipal Defendants shall

file their answer to the second and fourth causes of action in the SAC within twenty days of this Order.

IT IS SO ORDERED.

Dated: July 7, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE