UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT PETERSON, D.D.S.; MARK TEMPLE, an individual; JOHN DALKE, an individual; and B.O.L.T., an unincorporated association of motorcycle riders and enthusiasts,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH A. FARROW, Commissioner California Highway Patrol; MICHAEL GOOLD, in his official capacity as Chief of Policy of the City of Rancho Cordova; SCOTT R. JONES, in his official capacity as the Sheriff of County of Sacramento; ROBERT DIMICELI aka ROBERT DI MICELI, Officer of the California Highway Patrol; and STEPHEN CARROZZO, Rancho Cordova police officer and Deputy Sheriff,<br><br>Defendants. | No. 2:15-cv-00801-JAM-DB<br><br>**ORDER GRANTING DEFENDANTS STEPHEN CARROZZO, MICHAEL GOOLD, AND SCOTT R. JONES'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT ROBERT DIMICELI'S MOTION FOR SUMMARY JUDGMENT** |

This case arises from enforcement of the California Vehicle Code provision that requires an individual to wear a compliant helmet while riding a motorcycle. See Cal. Veh. Code §§ 27802,

1

27803 (hereinafter, the "helmet law"). Plaintiffs were issued citations on various dates for violations of the helmet law.

Following motions to dismiss, only two claims remain from the Second Amended Complaint ("SAC"). ECF No. 44. The second cause of action against Defendants Dimiceli and Carrozzo is for alleged Fourth Amendment unlawful seizures associated with traffic stops in which the defendants issued citations for violations of California's helmet law. The fourth cause of action is a Monell claim against Defendants Goold and Jones in their official capacities based on enforcement of California's helmet law.

Defendants have filed Motions for Summary Judgment, seeking to dismiss the two remaining claims. Def. Goold, Jones, Carrozzo MSJ ("MSJ I"), ECF No. 91; Def. Dimiceli MSJ ("MSJ II"), ECF No. 92. Plaintiffs oppose these motions. ECF No. 98-99. For the reasons set forth below, the Court GRANTS Defendants' motions.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that CHP officers and Rancho Cordova police officers have been citing motorcyclists for helmet law violations without probable cause since 2009. SAC, ECF No. 44, p. 15 ¶ 97. Specifically, Plaintiffs allege Defendant Dimiceli issued misdemeanor citations for helmet law violations for Plaintiff Peterson on April 25, 2013, id. at ¶ 101, and Plaintiff Temple on November 26, 2013, November 27, 2013, and March 31,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 10, 2018.

2014, id. at 16-17 ¶¶ 103, 110.[2] They further allege that Defendant Carrozzo issued misdemeanor helmet law citations for Plaintiffs Dalke and Temple on September 17, 2014, id. at ¶¶ 105-06. During these encounters with Defendants, Plaintiffs were wearing fabric baseball caps outfitted with shell liners, light padding, chin straps, and "ILL EAGLE DOT" embroidered on the back of the caps. MSJ I, Ex. B, Dkt. No. 91-4, pp. 17-22. Plaintiff Temple manufactured the baseball cap helmets and self-certified them as meeting federal safety standards for motorcycle helmets. MSJ I, Ex. F, Dkt. No. 91-4, pp. 57-58.

Plaintiffs' Monell claim against Defendants Goold and Jones stem from officers' issuance of helmet law violation tickets, because Plaintiffs allege officers issued these citations without probable cause. SAC at 23-26 ¶¶ 164-84. The legal issues in this case overlap, in part, with those previously determined in B.O.L.T. v. City of Rancho Cordova, No. 2:14-CV-01588-JAM-DB, 2018 WL 3532875 (E.D. Cal. July 23, 2018).

## II. OPINION

### A. Fourth Amendment Claim

Plaintiffs believe that summary judgment on their Fourth Amendment claim must be denied because Defendants have not shown that the helmets Plaintiffs were wearing at the time of citation were not certified by the manufacturer or that Plaintiffs were

---

[2] On August 16, 2018, the Court granted Defendant Dimiceli's Motion to Withdraw Admissions. ECF No. 109. Accordingly, the Court considered the motions for summary judgment on the merits, rather than deeming all Requests for Admissions admitted based on a non-prejudicial one-week delay in service.

3

aware the helmets did not conform with federal standards. Opp'n I, ECF No. 98, p. 3. As detailed below, Defendants have provided sufficient evidence for this Court to find that no reasonable jury could, as a matter of law, find in favor of Plaintiffs on their claims.

### 1. Plaintiff Dalke Is Collaterally Estopped From Arguing His Citation Lacked Probable Cause

Defendants argue that Plaintiff Dalke may not bring a Fourth Amendment claim because the state court found there was probable cause that he violated the helmet law, although he was ultimately acquitted of the citation. MSJ I Mem., ECF No. 91-1, p. 9.

In <u>Allen v. McCurry</u>, the Supreme Court held collateral estoppel may apply when § 1983 plaintiffs attempt to re-litigate in federal court issues decided against them in state criminal proceedings. 449 U.S. 90, 103-04 (1980). The Court applies a preclusive effect to a state-court judgment where five requirements are met:

(1) the issue sought to be relitigated must be identical to the issue decided in the earlier action;

(2) the issue must have been actually litigated and

(3) necessarily decided in the earlier action;

(4) the earlier decision must be final and made on the merits; and

(5) the party against whom issue preclusion is asserted must have been a party to the earlier action or in privity with such a party.

<u>Wige v. City of Los Angeles</u>, 713 F.3d 1183, 1185 (9th Cir. 2013). "[S]o long as the evidence known to the arresting officers is not

materially different from the evidence presented at the preliminary hearing, 'a finding of sufficiency of the evidence to require the defendant to stand trial is a finding of probable cause to arrest the defendant.'" Id. at 1185-86 (quoting McCutchen v. City of Montclair, 87 Cal. Rptr. 2d 95, 100 (Ct. App. 1999)).

In the case of Plaintiff Dalke, the issue of whether there was probable cause to issue him a helmet law citation was previously litigated in state court, upon a motion to dismiss for lack of probable cause. MSJ I, Ex. N, ECF No. 91-4, pp. 126-132. The state court actually litigated and necessarily decided this issue, resulting in the denial of Plaintiff Dalke's motion to dismiss because the court found that the officer had probable cause to issue the citation. MSJ I, Ex. O, ECF No. 91-4, p. 137. The state court's decision to deny Dalke's motion to dismiss was final and made on the merits. Id. Finally, the party against whom Defendant Carrozzo asserts issue preclusion—Plaintiff Dalke—was the party in the state court action. Because all five of the necessary requirements of issue preclusion are met, Plaintiff Dalke may not reargue the issue of probable cause in this proceeding. As Plaintiff Dalke's Fourth Amendment claim hinges on his probable cause argument, the Court grants Defendant Carrozzo summary judgment on this claim.

    2. Probable Cause

In Easyriders, the Ninth Circuit "concluded above that an officer making an investigatory stop need not have reasonable suspicion that a motorcyclist has actual knowledge of a helmet's non-compliance if other factors, including the appearance of the

helmet, are sufficient to establish reasonable suspicion that the helmet law is being violated." Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1498 (9th Cir. 1996). Based on the evidence submitted, Defendants Carrozzo and Dimiceli had reasonable suspicion to stop Plaintiffs based on the appearance of their helmets.

To issue a citation for a violation of the helmet law, an officer must have probable cause to believe that a motorcyclist had specific intent to commit the violation. That has been interpreted to mean that a motorcyclist who is wearing a helmet certified by the manufacturer at the time of sale must have actual knowledge of the helmet's non-conformity with California law. Easyriders, 92 F.3d at 1499. Proof that a motorcyclist is aware of a helmet's noncompliance can be shown by verbal admissions of knowledge or by prior citations for the same helmet. Id. at 1502.

        a.    There Was Probable Cause That Plaintiff Temple Had Actual Knowledge of His Helmet's Non-Conformity with Federal Regulations

Defendants assert that there was probable cause to issue Plaintiff Temple helmet law citations for the dates at issue in this case. The evidence submitted reveals that Plaintiff Temple had been stopped and cited for his baseball cap-style helmet on prior occasions and chose to continue wearing it after being informed of its nonconformity. MSJ I, Exs. B-I, ECF No. 91-4, pp. 7-88. Because Easyrider provided that prior warnings and citations are a source from which probable cause may be shown, the Court finds that the undisputed facts show there was sufficient probable cause for Defendants to cite Plaintiff Temple

for violation of California's helmet law.  The Court grants summary judgment to Defendants on Plaintiff Temple's Fourth Amendment claim.

                    b.    <u>Defendant Dimiceli Had Probable Cause to Cite Plaintiff Peterson</u>

    Defendant Dimiceli argues that he had probable cause to cite Plaintiff Peterson[3] for violating the helmet law because no reasonable motorcycle rider would believe a baseball cap with a chin strap qualifies as a motorcycle helmet under the law.  MSJ II, ECF No. 92-1, p. 10.

    Plaintiff Temple gave Plaintiff Peterson a baseball cap-style helmet similar to his own, the wearing of which had resulted in several prior convictions for violating the helmet law.  Peterson Dep., ECF No. 92-4, pp. 20, 24, 26.  At the time he received the helmet, Plaintiff Peterson admits to knowing about Plaintiff Temple earlier helmet law citations.  <u>Id.</u>  Additionally, Temple warned Peterson that he may stopped or cited for wearing the baseball cap helmet.  <u>Id.</u>  From speaking with Plaintiff Peterson at the time of the citation, Defendant Dimiceli determined that Peterson was aware of the helmet's non-conformity with federal safety standards and had the specific intent necessary to form probable cause.  Dimiceli Decl., ECF No. 92-3, pp. 3-5.  Peterson has not offered sufficient admissible

---

[3] Plaintiff Peterson did not oppose summary judgment on the other issues he alleged occurred during the April 2013 traffic stop: a citation for failure to provide proof of insurance and being handcuffed for refusal to sign his helmet law citation.  The Court construes Plaintiff Peterson's failure to oppose the portions of Defendant Dimiceli's motion that addressed these issues as conceding the validity of the arguments raised therein.

evidence to create a dispute of material fact and the Court finds that Dimiceli had valid reasons, with supporting probable cause, to issue a citation to Peterson. The Court therefore grants summary judgment to Defendant Dimiceli on Plaintiff Peterson's Fourth Amendment claim.

### 3. Qualified Immunity

The Court need not address Defendants' arguments as to qualified immunity because the Court has not found that any of Plaintiffs' constitutional rights were violated.

## B. Monell Claim

Based on Plaintiffs' lack of any opposition to the motion for summary judgment on this claim in their briefs, the Court concludes that Plaintiffs have conceded their Monell claim in accordance with the Court's ruling in B.O.L.T. v. City of Rancho Cordova, Case No. 2:14-CV-01588. Opp'n I at 2.

## III. ORDER

For the reasons set forth above, the Court GRANTS both Defendants Goold, Jones, and Carrozzo's Motion for Summary Judgment and Defendant Dimiceli's Motion for Summary Judgment. The pretrial conference hearing and trial dates are vacated.

IT IS SO ORDERED.

Dated: August 16, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE