| | |
|---|---|
| BRETT PETERSON, D.D.S.; MARK TEMPLE, an individual; JOHN DALKE, an individual; and B.O.L.T., an unincorporated association of motorcycle riders and enthusiasts,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH A. FARROW, Commissioner California Highway Patrol; MICHAEL GOOLD, in his official capacity as Chief of Policy of the City of Rancho Cordova; SCOTT R. JONES, in his official capacity as the Sheriff of County of Sacramento; ROBERT DIMICELI aka ROBERT DI MICELI, Officer of the California Highway Patrol; and STEPHEN CARROZZO, Rancho Cordova police officer and Deputy Sheriff,<br><br>Defendants. | No. 2:15-cv-0801 JAM DB<br><br>ORDER |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

On February 15, 2019, defendants filed a motion to compel and noticed the motion for hearing before the undersigned on March 22, 2019, pursuant to Local Rule 302(c)(1). (ECF No. 126.) Review of defendants' motion, however, reveals that defendants failed to comply with the meet and confer requirements set out by the Local Rules and the undersigned's Standard Information.

1

In this regard, defendants' motions states that on December 17, 2018, defendants propounded written discovery on plaintiffs. (ECF No. 126 at 2, 5.) On January 28, 2019, having received no response from defendants, "counsel for Defendants transmitted correspondence to counsel for Plaintiffs, noting that responses were past due," and providing until February 4, 2019, "to avoid a motion to compel." (Id. at 3, 5.) Receiving no response, defendants filed the pending motion to compel on February 15, 2019. (ECF No. 126.)

Local Rule 251(b) provides that a discovery motion "shall not be heard unless [] the parties have conferred and attempted to resolve their differences[.]"[1] In this regard, "[c]ounsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion." (Id.) Moreover, pursuant to the undersigned's Standard Information, "[w]ritten correspondence between the parties . . . is insufficient to satisfy the parties' meet and confer obligations under Local Rule 251(b)."
See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.

And parties must meet and confer in person—distance permitting—prior to the filing of a discovery motion. Id.

Here, according to defendants' motion, defendants' meet and confer efforts consisted only of sending written correspondence to plaintiffs' attorneys. Moreover, this written correspondence was mailed to an address for plaintiffs' counsel that is different from the address provided for plaintiffs' counsel on the court's docket and the California State Bar website. (ECF No. 126 at 29.)

////

////

////

---

[1] Defendants' motion notes that it is brought pursuant to Local Rule 251(e), which exempts parties from the requirement of filing a Joint Statement. Local Rule 251(e), however, does not exempt the parties from the meet and confer requirements set out in the Local Rules and the undersigned's Standard Information.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' February 15, 2019 motion to compel (ECF No. 126) is denied without prejudice to renewal; and

2. The March 22, 2019 hearing of defendants' motion is vacated.

Dated: March 18, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\peterson0801.confer.ord

3